STATE EX REL. HODGDON, RELATOR, *v.* DISTRICT
COURT OF TENTH JUDICIAL DISTRICT, RE-
SPONDENT.

(No. 2,242.)

(Submitted October 10, 1905.   Decided October 16, 1905.)

*Criminal Law—Appeals from Justices' Courts—Notice—Judg-
ments for Fine—Undertakings on Appeal—Necessity.*

Criminal Law—Justices' Courts—Appeals—Notice—County Attorneys.
1.  Failure to serve notice upon the county attorney of an appeal
to the district court from a judgment of conviction had in a jus-
tice's court is not ground for the dismissal of the appeal.

Criminal Law—Justices' Courts—Judgments for Fine.
2.  A judgment rendered by a justice of the peace, in a case of
misdemeanor, imposing a fine, with imprisonment in the county jail
until the fine be paid, is not a judgment for fine only, within the
meaning of section 2714 of the Penal Code.

Criminal Law—Justices' Courts—Appeals—Undertaking—Necessity.
3.  An undertaking on appeal from a judgment of conviction for
a misdemeanor, rendered by a justice of the peace, imposing a fine
and remanding defendant to the county jail until such fine be paid,
is not necessary to confer jurisdiction on the district court to en-
tertain the appeal.

Appeal—Undertaking—When Necessary.
4.  An undertaking on appeal, being purely a statutory regulation,
may not be exacted unless the statute specifically makes such re-
quirement.

ORIGINAL. *Certiorari* by the state, on the relation of C. G.
Hodgdon, against the district court of the tenth judicial dis-
trict.   Order annulled.

*Mr. Wm. Wallace, Jr., Mr. Chas. Donnelly,* and *Messrs.
Huntoon & Smith,* for Relator.

*Mr. Albert J. Galen,* Attorney-General, and *Mr. W. H. Poor-
man,* Assistant Attorney-General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

*Certiorari,* to review an order of the tenth judicial district
court.

On June 12, 1905, the relator herein was by a justice court in Fergus county adjudged guilty of a misdemeanor and sentenced to pay a fine of $150, and to stand committed to the county jail until such fine was paid. On June 17th he filed in the justice court his notice of appeal to the district court, and accompanied such notice with a certified check for double the amount of the fine and costs, which check appears to have been received as cash. The transcript of the justice's docket and the files in the case were duly lodged with the district court, the cause docketed, and set for trial for August 8, 1905. On the day set for trial the county attorney moved the court to dismiss the appeal upon the grounds that an undertaking on appeal had not been given, and that the notice of appeal had not been served upon him. This motion was sustained, and the appeal dismissed. There is not any contention here as to the appropriateness of the remedy sought, and there was not any merit in the last ground of the motion to dismiss the appeal.

The only question submitted for our determination is: Was an undertaking on appeal necessary to confer upon the district court jurisdiction of the appeal? It is contended by respondent that section 2714 of the Penal Code is applicable to a case of this character, that the provisions of that section are mandatory, and the giving of an appeal bond is a *sine qua non* to the perfection of an appeal from a judgment of a justice of the peace court imposing a fine as punishment. But it is not necessary for us to attempt to determine the meaning of section 2714, above, or the following section, 2715; for the judgment rendered by the justice of the peace court in this instance was not of the character therein described. It was not a judgment for a fine only, but a judgment for a fine and imprisonment until the fine should be paid, as authorized by section 2707 of the Penal Code.

That the legislature recognized a distinction between a judgment for fine, and one for fine with imprisonment until the fine be paid, is apparent from sections 2718 and 2719 of the Penal Code. If the judgment is for fine only, the defendant

is entitled to be discharged from custody as soon as the judgment is given. (Section 2718, above.) But if the judgment is for fine and imprisonment until paid, as in this instance, then the defendant may be detained in custody until such fine is paid or until he shall have served one day for every $2 of such fine (section 2719, above),—(it is apparent that the word "or" used in section 2719 above, in the sentence "When a judgment is entered imposing a fine, or ordering the defendant to be imprisoned," etc., should be "and"),—unless he avails himself of his right to appeal and gives bail as provided by section 2716 of the Penal Code. The record is so incomplete in this instance that we are unable to determine whether the certified check was intended as an appeal bond, or as bail under the provisions of section 2716; but it is immaterial so far as this proceeding is concerned.

Having determined that the judgment in this instance was not one for fine only, we recur to the original question for solution: Was it necessary for the defendant to give an undertaking on appeal? Under the provisions of the Revised Statutes of 1879 (section 504, Third Division), the giving of an undertaking was necessary to complete an appeal from a judgment in a criminal case in a justice of the peace court; and these provisions were carried forward into the Compiled Statutes of 1887 as section 510, Third Division. The law remained unchanged until the adoption of the Codes of 1895, when in lieu of section 510 above, section 2713 of the Penal Code was adopted, which reads: "Sec. 2713. An appeal is taken by the defendant by giving notice in open court of his intention so to do, at the time of the rendition of the verdict or judgment, or by filing with the justice within five days thereafter, a written notice of appeal."

As indicating the policy of the law, it is sufficient to say that there is not any appeal bond required in case of an appeal from the district to the supreme court in criminal cases, and neither are there any provisions in the Criminal Practice Act applicable to justice of the peace courts which in terms require such bond in case of an appeal from a judgment

of the character of this one—if, indeed, at all. As further illustrating the emphasis which the law lays upon the necessity for an undertaking on appeal where such undertaking is required, reference need only be had to the Code provisions applicable to appeals in civil cases. With respect to an appeal in a civil case from a justice of the peace court to the district court, section 1763 of the Code of Civil Procedure provides: "Sec. 1763. An appeal from a justice's or police court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs," etc. With respect to a like appeal from the district to the supreme court, section 1724 of the Code of Civil Procedure among other things provides: " * * * The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

At common law an undertaking on appeal was never required. (1 Ency. of Pl. & Pr. 965, and cases cited.) It is purely a statutory regulation, and, unless the statute specifically makes such requirement, it cannot be exacted at all; and since the legislature enacted section 2713, above, which omits any reference to an undertaking to effectuate an appeal, in lieu of section 510, Compiled Statutes, 1887, which specifically required such an undertaking, we must assume that this was intended as a legislative declaration that such undertaking should no longer be required, unless the contrary appears from subsequent sections applicable to particular cases; and there being no such reference to an appeal from a judgment of the character of the one now under consideration, no undertaking was necessary and the district court erred in dismissing the appeal. The order dismissing the appeal is therefore annulled.

*Annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.