STATE EX REL. TREAT, RELATOR v. DISTRICT COURT OF RAVALLI COUNTY ET AL., RESPONDENTS.

No. 8992

Submitted May 27, 1950. Decided July 19, 1950.

221 Pac. (2d) 436

Beryl L. Treat pro se.

MR. CHIEF JUSTICE ADAIR:

Mandamus. Original proceeding. The relator, Beryl L. Treat, petitions for a writ of mandate to compel respondent, the district court of Ravalli county, to furnish him "with a copy of trial and court record transcript" of the proceedings had and done upon his trial and conviction upon a jury's verdict therein.

By information filed in the respondent court, relator was charged with having committed the crime of burglary. At the time set for his arraignment, it appearing that he was without counsel and without means of employing counsel, the court appointed attorney Clyde Hayden to represent relator. Thereafter with his counsel present relator entered a plea of not guilty to the charge.

Subsequently, on leave first obtained, the county attorney filed an amended information charging the same offense and also charging a prior conviction for the crime of grand larceny. Thereafter attorney Stanley M. Doyle entered the case as additional counsel for relator, following which leave was granted to withdraw relator's plea and to interpose a demurrer to the amended information. Upon the overruling of the demurrer a plea of not guilty was again entered to the amended information.

Thereupon relator, by his counsel, Stanley M. Doyle, Esq., and Clyde Hayden, Esq., applied to this court for a writ of prohibition against the respondent court and the Hon. Albert Besancon, a district judge presiding therein, which writ was denied. See State ex rel. Treat v. District Court, No. 8863, 122 Mont. 249, 200 Pac. (2d) 248.

Thereafter relator was tried on the charges set forth in the amended information, convicted by a jury, and on January 20, 1949, sentenced to twelve years imprisonment in the state prison where he is now confined and serving his sentence.

May 27, 1950, relator, appearing *pro se*, filed in this court a petition representing that he "did make an *oral* request that he *intended* to appeal and did demand a copy of any and all court proceedings held against him, said demand, *oral* request and notice of appeal being made *orally in open court* on the date sentence was imposed, January 20, 1949," and that he "did file a petition requesting a transcript of trial and court record with the Ravalli County District Court, said petition being denied April 21, 1949, by order of the Honorable Albert Besancon, Hamilton, Montana."

The petition further recites: "Your petitioner denies that the Judge did consider the true facts contained in your petitioner's request for trial and court record transcript. Your petitioner did notify said court and Judge that he was a poor person unable to pay for said trial and court record transcript. Your petitioner contends that he is entitled by state law and Federal constitutional amendment to a copy of any and all court proceedings held against him; that he is a poor man unable to pay for same."

Attached to and made a part of relator's petition is an instrument designated "Forma Pauperis" wherein relator deposes: "That he is a poor man with less than fifty ($50) dollars in cash or worldly possessions and respectfully requests that he be allowed to argue his petition of Mandamus in Forma Pauperis and permission to appeal his conviction, of which he is innocent, to the Montana State Supreme Court."

The Constitution of Montana provides that "appeals shall be allowed from the decisions of * * * district courts to the supreme court under such regulations as may be prescribed by law." Art. VIII, sec. 15.

R. C. M. 1947, sec. 94-8101, provides: "An appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him."

The regulations prescribed by law for the taking of appeals in criminal cases so far as here pertinent are as follows:

An appeal may be taken by the defendant from a final judgment of conviction, R. C. M. 1947, sec. 94-8103, entered in the district court within six months after its rendition, R. C. M. 1947, sec. 94-8105.

"An appeal may be taken by *filing* with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and *serving* a copy thereof upon the attorney of the adverse party." Emphasis supplied. R. C. M. 1947, sec. 94-8106.

While a defendant convicted in a justice of the peace court

or in a police court may take an appeal to the district court "by giving notice in open court of his intention so to do, at the time of the rendition of the verdict or judgment," R. C. M. 1947, sec. 94-100-34; State ex rel. Hodgdon v. District Court of Tenth Judicial District, 33 Mont. 119, 82 Pac. 663, yet such practice and provision is not applicable to the taking of an appeal to the Supreme Court from a judgment entered in a district court, the necessity, mode and sufficiency of the notice of appeal in the latter case being governed by the provisions of section 94-8106, supra, which statute is jurisdictional and failure to give notice in conformity therewith is ground for dismissal of the appeal.

"Where the statute requires that the notice of an appeal ▆ shall be *filed* with the clerk, an *oral notice in open court* is insufficient to give the appellate court jurisdiction, and so is a written notice of *intention* to appeal." Emphasis supplied. 24 C. J. S., Criminal Law, sec. 1711, page 406, notes 42 and 43.

Relator's time for *filing* and *serving* his notice of appeal expired July 20, 1949, being more than ten months prior to the date of the filing in this court of his petition for a writ of mandate.

Relator's *"oral* request that he *intended* to appeal * * * made ▆▆ *orally in open court"* on January 20, 1949, fails to conform to the regulations prescribed by R. C. M. 1947, section 94-8106, and is not only ineffectual but wholly insufficient to give this court jurisdiction, 24 C. J. S., sec. 1711, page 406, notes 42, 43, hence a copy of the trial and court record would be of no avail at this late date. "The law neither does nor requires idle acts." R. C. M. 1947, sec. 49-124.

In this court on his application for a writ of prohibition, in case No. 8863, supra, and upon his trial in the district court, relator was represented by industrious and able counsel of long experience in the courts of this state and we are inclined to the belief that his rights were fully defended and protected.

Accordingly the writ is denied and the proceeding dismissed. ASSOCIATE JUSTICES FREEBOURN, ANGSTMAN, METCALF and BOTTOMLY concur.