36 N.J. Super. 506 (1955)
116 A.2d 585
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PAUL NEWMAN, PAUL NEWMAN AND AMIDIO BERMUDEZ, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued August 8, 1955.
Decided August 23, 1955.
*507 Before Judges CONFORD, SULLIVAN and KNIGHT.
Mr. Michael Breitkopf argued the cause for the defendants-appellants (Mr. Arthur J. Breitkopf, attorney).
Mr. Robert O. Brokaw, Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. Leon Gerofsky, Prosecutor of Somerset County, attorney).
The opinion of the court was delivered by KNIGHT, J.S.C. (temporarily assigned).
Defendants were charged with being disorderly persons and were convicted *508 in the municipal court. Their appeals were dismissed by the County Court for failure to perfect said appeals in accordance with the provisions of R.R. 3:10-2 and R.R. 3:10-8. The propriety of the dismissals is the subject of this appeal.
Defendant Newman was convicted on October 25, 1954, in the municipal court on a complaint charging him with being a disorderly person in violation of a township ordinance. On November 6, 1954 notice of appeal was filed with the clerk of the County of Somerset after first being sent to the municipal court. A copy of the notice of appeal was never served upon any prosecuting attorney. On December 2, 1954 said defendant obtained an order fixing December 17, 1954 as the date for the hearing of the appeal. No written notice of the date fixed for the hearing was served on any prosecuting attorney.
On November 9, 1954 defendant Newman was convicted for violation of N.J.S. 2A:170-29. On November 17, 1954 notice of appeal from said conviction was filed in the office of the Clerk of the County of Somerset after prior filing with the municipal clerk. A copy of the notice was never served upon any prosecuting attorney. On November 24, 1954 defendant obtained an order from the County Court fixing December 17, 1954 as the date of hearing on the appeal. No written notice of date of hearing was served on any prosecuting attorney.
Defendant Bermudez was convicted in the municipal court for violation of N.J.S. 2A:170-29 on November 9, 1954. Notice of appeal was filed on November 17, 1954 in the office of the Clerk of Somerset County. A copy of the notice of appeal was never served upon any prosecuting attorney. On December 2, 1954 an order was obtained fixing January 7, 1955 as the date for the hearing on the appeal. No written notice of the date fixed for the hearing was served on any prosecuting attorney.
On December 8, 1954 defendant Newman's attorney was served with a written notice of motion to dismiss Newman's appeals for failure to comply with R.R. 3:10-2; R.R. 1:3-1(c) *509 and R.R. 3:10-8. The motion was returnable December 17, 1954. A similar notice of motion was served with respect to Bermudez' appeal on December 24, 1954, returnable January 7, 1955. The County Court, after argument, granted the motions to dismiss on February 18, 1955. Hence this appeal.
R.R. 3:10-2 provides that
"* * * The appeal shall be taken by serving a copy of a notice of appeal upon the prosecuting attorney * * * and by filing the notice in duplicate with service acknowledged on one copy, or with an affidavit of service annexed thereto, with the court from which the appeal is being taken. * * *"
Further, in a criminal cause the time allowed for taking an appeal from an inferior court is ten days. R.R. 3:10-5; R.R. 1:3-1(c). In addition, within ten days after filing the notice of appeal, the appellant must apply for an order fixing the date of the hearing. Written notice of the date of the hearing must be served on the prosecuting attorney at least ten days before the date set for the hearing. Should there be failure to give the required notice, the appeal is to be dismissed. R.R. 3:10-8.
That both service of a notice of appeal and the filing thereof are required to perfect an appeal was established in In re Pfizer's Estate, 8 N.J. Super. 6 (App. Div. 1950), reversed on other ground 6 N.J. 233 (1951), where the court construed R.R. 1:2-8(a) (then Rule 1:2-4(a)), the language of which pertaining to service of a notice of appeal and filing of the same is similar to R.R. 3:10-2. In that case the Appellate Division said:
"We are satisfied that both the service of the notice of appeal and the filing of the notice are requisite to complete the appeal; that both these steps should be taken within the period of 45 days. * * *" 8 N.J. Super., at page 9.
The Supreme Court said:
"Both service and filing must be complied with within time, which, in the instant case, was 45 days." 6 N.J., at page 237. *510 See also In re Mayor, etc., South River, 27 N.J. Super. 109, 111 (Law Div. 1953).
It is clear that the defendants did not perfect their appeals in accordance with the rules. They never served the prosecutor with a copy of the notice of appeal nor did they serve the prosecutor with written notice of the date fixed for the hearings. The fact that the prosecutor may have known of the defendants' appeals is not a substitution for compliance with the rules. Defendants invoke, however, R.R. 1:27B which provides that on motion the court may extend the time to permit an act to be done if the failure to act within the specified time "was the result of excusable neglect; * * *." R.R. 1:27B further provides that the time for taking an appeal under R.R. 1:3-1(c) may not be enlarged "* * * except that extension for a period not exceeding 30 days from the expiration of the time permitted in the said rules may be granted by the court in which the matter is pending upon a clear showing of a good cause and the absence of prejudice."
The question here is whether defendants come within the language and intent of the rule. There are a number of obstacles in the way of defendants' invocation of the rule. It does not appear that defendants made any motion before the County Court to enlarge the period of taking the appeal. Defendants' representations to the court looking toward enlargement of time were made only in response to prosecutor's motion to dismiss the appeals. We need not pass upon the propriety of the manner by which defendants made their application. Under R.R. 1:27B extension of time is not permitted to a date beyond 30 days from the expiration of the time specified by the rule. In the present case the time limited by the rule for appeal from a conviction of the municipal ordinance expired 10 days after October 25, 1954, and an additional 30 days had long since transpired prior to February 11, 1955, when the request for enlargement was made to the County Court. The same is true of the appeals for violations of N.J.S. 2A:170-29. Time for appeal expired *511 November 19, 1954, and an additional 30 days had passed long before February 11, 1955.
Even if this did not bar the defendants, there is no "clear showing of a good cause" nor is there a showing that the failure to act within time "was the result of excusable neglect." It is not an excusable neglect to be unfamiliar with, or to ignore a rule of court. The plea of defendants' counsel, based upon alleged non-performance by his secretary of his instructions to her, is without merit. The responsibility for compliance with rules rests on counsel and responsibility for non-conformance may not be shifted by counsel to his secretary. Cf. Pagano v. Krispy Kernels, Inc., 10 N.J. Super. 588 (Law Div. 1950). Moreover, the instructions which counsel allegedly gave his secretary would not, if followed, have constituted compliance with the rule dealing with the manner of filing an appeal. The rule requires that service on the prosecuting attorney of a copy of a notice of appeal must be made prior to filing the notice and that the notice must either bear an acknowledgment of service or be accompanied with an affidavit of service at the time of filing. Counsel contended in his argument on the motion to dismiss the appeal that he instructed his secretary to serve the notice on the prosecuting attorney after receiving acknowledgment of the filing in the office of the clerk, and that when the notice was returned he was engaged elsewhere and the secretary failed to serve the notice upon the prosecutor. The alleged instructions to the secretary were clearly erroneous. As indicated, the rule requires service on the prosecutor prior to filing, not later. The prosecutor was never served.
For the foregoing reasons the judgment of the County Court dismissing the appeals here in question should be affirmed.