78 N.J. Super. 286 (1963)
188 A.2d 423
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILLIP RADICCHI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1963.
Decided February 19, 1963.
*288 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Thomas J. Osborne, Jr. argued the cause for appellant (Messrs. Vaccaro & Osborne, attorneys; Mr. Osborne of counsel).
Mr. William C. Brudnick, Assistant Prosecutor of Bergen County argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney; Mr. Brudnick on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
The Bergen County Court dismissed defendant's appeal from a conviction of reckless driving by the Municipal Court of Rochelle Park on September 5, 1962, on the ground that defendant had not perfected his appeal in the manner required by the rules. There was no hearing on the substantive merit of the appeal. The present appeal is from the County Court's order of dismissal.
After a trial in the municipal court, defendant was found guilty of violating N.J.S.A. 39:4-96. The penalty imposed *289 was revocation of his driving privileges for six months and costs in the sum of $3.
Although there is no transcript of the evidence in the municipal court, we requested an affidavit by defendant's attorney concerning the details of the offense charged and have been informed that it involved the operation of a motor vehicle on a school parking lot wherein there were only one parked vehicle and its occupant at the time. A bystander filed the complaint.
On September 6, 1962, the day following the conviction, defendant's attorney served a copy of notice of appeal to the Bergen County Court upon the municipal magistrate and obtained his acknowledgment of service thereof. On the same day he mailed a copy of the notice of appeal to the Bergen County Prosecutor and asked for an acknowledgment of service on the carbon copy of the letter. The prosecutor acknowledged service as requested on September 7, 1962.
Also on September 6, 1962 defendant's attorney addressed a letter to the clerk of the Bergen County Court at Hackensack and enclosed therein two copies of the notice of appeal, a check for $30 to cover costs, and an original and two copies of a form of order fixing a date for the hearing of the appeal. He requested that the appeal be filed immediately, that he be advised of the docket number, and that the order fixing date be transmitted to the judge for completion and then be returned to his office. This letter was evidently received because the clerk advised defendant's attorney as to the docket number and deposited the check to cover costs of the appeal. However, the clerk, for some unexplained reason, did not transmit to a judge for completion the order fixing a date for the hearing of the appeal. As a result, the order was not signed and, as a consequence, a copy thereof was never served on the prosecutor, as required by R.R. 3:10-8.
On November 2, 1962 the prosecutor moved to dismiss the appeal on the grounds that the defendant failed (1) to apply to the County Court for an order fixing a date for the hearing of the appeal, (2) to serve the prosecutor's office with notice *290 of said date pursuant to R.R. 3:10-8, and (3) to file the notice of appeal in duplicate, with service acknowledged on one copy or with an affidavit of service annexed thereto, with the court from which the appeal had been taken. The County Court granted the prosecutor's motion and ordered the appeal dismissed.
R.R. 3:10-2 provides that an appeal from a municipal court to the County Court shall be taken by serving a copy of a notice of appeal upon the prosecuting attorney  in this case, upon the prosecutor  and by filing the notice in duplicate with service acknowledged on one copy, or with an affidavit of service annexed thereto, with the court from which the appeal is being taken. Thereupon the clerk of the court shall immediately forward one fully conformed copy of said notice to the clerk of the court to which the appeal is taken, for docketing.
Obviously, as the facts noted above indicate, defendant's attorney did not comply fully or in proper sequence with the procedural requirements of R.R. 3:10-2. The prosecutor was not served with a copy of the notice of appeal prior to the filing of the notice of appeal with the municipal court. Instead, the magistrate was first served with a copy of the notice of appeal and then a copy was forwarded by mail to the prosecutor, who received it the following day. This was irregular. See State v. Newman, 36 N.J. Super. 506, 511 (App. Div. 1955). The prosecutor's acknowledgment of service was not endorsed on one of the duplicate copies of notice of appeal required to be filed with the municipal court, nor was there annexed to one of the duplicates an affidavit showing service upon the prosecutor, in lieu of his acknowledgment thereof. Instead, defendant's attorney obtained an acknowledgment of service by the prosecutor on a carbon copy of a letter and then apparently placed this carbon copy upon its return in his own file and did not make it part of the court record. Seemingly, too, instead of filing duplicate copies of the notice of appeal with the municipal court, which would have then forwarded one fully conformed copy to the *291 County Court for docketing, defendant's attorney served a copy upon the magistrate and then undertook the forwarding of two copies of the notice of appeal to the clerk of the County Court for docketing.
It is difficult to understand why the plain instructions in R.R. 3:10-2 were not followed. We can understand the unwillingness of the County Court to accept as an excuse for such noncompliance with the rule the explanation by defendant's attorney that he had followed the same irregular appellate procedure without objection on prior occasions. Previous tolerance of a violation of the rules is not a license to a continued nonobservance of the requirements.
However, the rules have been designed to facilitate the business of the courts and advance justice to the litigants. They "may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice." R.R. 1:27A. This would seem to be such an instance. The appeal to the County Court was filed in the municipal court the day after conviction. R.R. 1:3-1(c). The prosecutor and the magistrate acknowledged that they were served with a copy of the notice of appeal and the appeal was docketed promptly in the County Court. The State suffered no prejudice as the result of the procedural irregularities. This is not a case like State v. Newman, supra, where the prosecutor was never served with a copy of the notice of appeal. Were we to affirm the dismissal of the appeal to the County Court because of a failure by defendant's attorney to adhere strictly to the provisions of R.R. 3:10-2, the defendant would be deprived of a hearing of his appeal on the merits. He should not be deprived of his substantial right of review because of his attorney's noncompliance with the provisions of R.R. 3:10-2 in the particulars found present in this case.
R.R. 3:10-8 provides:
"Within 10 days after filing the notice of appeal, the appellant shall apply to the court to which the appeal has been taken for an order fixing the date of hearing. Written notice of the date of *292 hearing shall be served on the prosecuting attarney at least 10 days before the date set for the hearing. If the appellant fails to give the required notice of the date of hearing, the appeal shall be dismissed."
The County Court herein adopted the position that the letter of September 6, 1962 addressed to the clerk of the Bergen County Court, enclosing an original and two copies of a form of order fixing a date for the hearing and requesting the clerk to transmit the same to the judge for completion, was not an application to the court within the meaning of R.R. 3:10-8.
We do not agree with that narrow interpretation of this rule. We deem the application herein to have been made to the court within time, even though it was made through the medium of the clerk of the court. The clerk is an appropriate person with whom to file an application "to the court." Ordinarily, indeed, all applications to a court should be filed with its clerk. See R.R. 4:5-6. The county clerk is the clerk of the Law Division of the County Court. N.J.S. 2A:3-2. Appeal in the instant matter was properly brought to the Law Division of the County Court. R.R. 5:1-2.
The application here was well within the ten-day limitation. It was an ex parte application. The spirit of our rules is in accord with the procedure adopted by defendant's attorney in this respect. For example, see R.R. 4:7-2(a). We observe no need for a formal personal appearance by an attorney before the court to obtain this kind of order. Such an appearance would unnecessarily take up the time of both the court and the attorney.
Furthermore, we are at a loss to understand why the clerk of the court did not comply with the attorney's request and promptly hand up the form of order to be signed by the judge assigned at that time to hear these appeals. The prosecutor was unable to tell us at oral argument why the clerk failed to do so. While the defendant's attorney should have pursued the matter with more diligence when the copy of a signed order was not returned to his office shortly after his submission thereof to the clerk of the court, we regard his application *293 for the order as having been properly made and within time. There should not have been a dismissal of the appeal on this ground.
Since the order fixing a date for the hearing was never made, and the County Court refused to make such an order when requested by defendant's attorney on the hearing of the motion to dismiss, defendant could not give the written notice of such date to the prosecutor, as required by R.R. 3:10-8, and his failure to do so is excused.
Defendant's counsel did not include in the appendix the order of dismissal being appealed, as required by the rules. R.R. 1:7-2; R.R. 2:7-1. Moreover, upon the oral argument, we discovered none had ever been entered by the County Court. We therefore might have justifiably dismissed the present appeal. In re Gotchel, 10 N.J. Super. 208, 211 (App. Div. 1950). Such inattention to the rules is inexcusable. With the courteous consent of the prosecutor, the defendant was permitted to obtain and file an order of dismissal, and we proceeded to the decision of the case upon the present briefs and argument. The order of dismissal has since been filed.
The order of the County Court dismissing defendant's appeal is reversed. The County Court is directed to make an order fixing a date for the hearing to the end that the appeal may be heard on the merits. No costs.