The STATE of North Dakota, Plaintiff and Respondent,

v.

Milton HIGGINS, Defendant and Appellant.

No. Cr. 342.

Supreme Court of North Dakota.

Oct. 13, 1966.

Helgi Johanneson, Atty. Gen., Albert A. Wolf, State's Atty., and Gerald G. Glaser, Asst. State's Atty., Bismarck, for plaintiff and respondent.

Vogel & Bair, Mandan, for defendant and appellant.

TEIGEN, Chief Justice.

On motion by the State to dismiss a criminal appeal.

After a jury trial in the County Court With Increased Jurisdiction, the defendant was convicted of malicious mischief. He has attempted to appeal from the judgment of conviction. The State moved this Court to dismiss the appeal on the ground that appellate jurisdiction has not attached because of failure to serve a notice of appeal. The record certified to us discloses a notice of appeal was timely filed with the clerk of court, but there is no proof of service. The defendant makes no claim that he made service of the notice of appeal.

Appeals from decisions of the county courts with increased jurisdiction in criminal actions are governed by the provisions of law and rules of practice and procedure applicable to the district courts. Section 27-08-24, N.D.C.C. Appeals from the decisions of the district courts to the supreme court are subject to regulations by statute. North Dakota Constitution, sections 86 and 109. No right of appeal is conferred by the Constitution. That right is left to statutory provisions, and must be exercised in accordance therewith. State v. McClelland, 72 N.D. 665, 10 N.W.2d 798.

The pertinent statutes respecting the taking of an appeal in criminal cases are as follows:

29–28–09. Manner of taking appeal. Notice. An appeal is taken by serving upon the adverse party, or the attorney for the adverse party who acted as an attorney of record in the district court at the trial or at the time the order was made or judgment rendered, a copy of the notice of appeal and by filing the original thereof with the clerk of the district court of the county in which the order or judgment appealed from is made, entered, or filed.

29–28–10. Personal service impossible. Publication. If personal service cannot be made, the judge of the district court in which the action is pending or was tried, upon proof thereof, may make an order for publication of the notice in a legal newspaper for a period not exceeding thirty days. Such publication is equivalent to personal service.

29–28–11. When appeal deemed taken. An appeal is deemed to be taken when notice thereof, served as required by sections 29–28–09 and 29–28–10, is filed in the office of the clerk of the district court of the county in which the order or judgment appealed from is made, entered, or filed, with evidence of the service or publication thereof endorsed thereon or attached thereto.

■■■ The statutes require two steps in taking a criminal appeal: (1) the service of a notice of appeal upon the adverse party; and (2) filing the original notice of appeal with the clerk of court. An appeal is deemed to be taken when a notice thereof, served as required by law, is filed in the office of the clerk. These statutes nowhere declare that either one of the two prerequisite steps is more important than the other in the process of taking an appeal, nor is there any intimation that either service or the filing can be omitted. Each of these steps serves a purpose. The service

of the notice of appeal is to give notice to the adverse party, and the filing of the notice of appeal with proof of service is to give notice to the clerk, whose duty it then becomes to send the record up to the Supreme Court. Section 29–28–18, N.D.C.C. Service of the notice of appeal and the filing of the notice of appeal are necessary under the statutes to confer jurisdiction of the subject matter and the parties on the Supreme Court.

The rule that the service of the notice of appeal is necessary to confer jurisdiction upon the appellate court is applied in other jurisdictions having statutes similar to ours. State v. Garrett, 228 Or. 1, 363 P.2d 762; State ex rel. Treat v. District Court, 124 Mont. 234, 221 P.2d 436; State v. Newman, 36 N.J.Super. 506, 116 A.2d 585; State v. Alm, 246 Minn. 568, 75 N.W.2d 212; State v. Collins, 260 Minn. 171, 109 N.W.2d 327; State v. Young, 255 Iowa 447, 122 N.W.2d 847; State v. Thomas, 238 Iowa 998, 29 N.W.2d 198; Scott v. State, Okl.Cr., 401 P.2d 1004; State v. Leopard, 191 Kan. 581, 382 P.2d 330; Marshall v. State, 89 Ind. App. 470, 166 N.E. 777; State v. Preston, 30 Nev. 301, 95 P. 918, 97 P. 388; State v. Berg, 35 Wash.2d 177, 211 P.2d 710.

■■ In his return to the motion, the defendant sets up the ground that the respondent is estopped from challenging the validity of the appeal by admitting service of a copy of the transcript of the evidence and by stipulating the settlement of the statement of the case, and in doing these things failing to make mention that the State had not been served with notice of appeal, thus misleading defendant's counsel into thinking that the appeal was properly taken. This ground was not argued by the defendant in his brief and may be considered as having been abandoned. We assume this was intentional, because it is a well-established rule that jurisdiction of the subject matter cannot be conferred by agreement, consent, or waiver. Jurisdictional defects cannot be waived. Appellate jurisdiction is derived from constitutional

or statutory provisions, and can be exercised only in the manner prescribed. Appellate jurisdiction being dependent on the law, it cannot be conferred by consent of the parties. 4 Am.Jur.2d, Appeal and Error, section 10; 4 C.J.S. Appeal and Error § 43; Gold Street v. Newton, 2 Dak. 39, 3 N.W. 311.

■ The defendant argues that the State had actual knowledge that he intended to appeal. However, we find that this is insufficient. There must be a strict compliance with the statutes and the rules to confer jurisdiction. See State v. Newman, supra; 24A C.J.S. Criminal Law § 1711.

■ An appeal from a judgment of conviction in a criminal case is not a matter of absolute right and is not a necessary element of due process of law under the Federal Constitution. Brown v. Allen, 344 U. S. 443, 73 S.Ct. 397, 97 L.Ed. 469; McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L. Ed. 867; 21 Am.Jur.2d, Criminal Law, section 227.

■ For the reasons aforesaid, we hold that the defendant's failure to serve notice of appeal on the adverse party or the attorney for the adverse party who acted as attorney of record at the trial or at the time judgment was rendered is fatal to the appeal and requires the motion for a dismissal to be granted for the want of jurisdiction.

The defendant argues with some force that the statutes hereinbefore quoted are materially qualified by the provisions of Sections 29–28–20 and 29–28–21, N.D.C.C. They are as follows:

29–28–20. Irregularity in substantial particulars. Notice. If the appeal is irregular in any substantial particular, but not otherwise, the supreme court, on any day, on motion of the respondent, upon five days' notice accompanied with the copies of the papers upon which the motion is founded, may order it to be dismissed. The dismissal of an appeal affirms the judgment. If the irregularities complained of are corrected in a reasonable time, the appeal shall not be dismissed and the supreme court must fix the time and direct the manner of correcting the irregularity.

29–28–21. An appeal must not be dismissed for informality. An appeal must not be dismissed for any informality or defect in the taking thereof. If the same is corrected within a reasonable time after an appeal has been dismissed, another appeal may be taken. If an undertaking has been given which is defective in any respect, a new one may be filed on appeal in the supreme court.

■ This contention does not have merit because the "irregularities," "informalities," or "defects" referred to in the above-quoted statutes do not pertain to jurisdictional requisites. As we stated earlier, two steps are essential to effect an appeal in a criminal case. The statutes cited in support of this latter argument by the defendant are based on the premise that an appeal has been taken and that jurisdiction has attached. These statutes are not applicable where there was a total failure to comply with the jurisdictional requirement of the statutes providing the steps for taking the appeal. The failure to serve a copy of the notice of appeal does not constitute an irregularity, informality or defect referred to in these statutes. They are not applicable where a failure to act is jurisdictional.

The Nevada Supreme Court stated the proposition very succinctly in Johns-Manville, Inc., of California v. Lander County, 48 Nev. 244, 234 P. 518, ruling upon a statute similar to ours. They stated in part:

It cannot be said that the failure to serve a copy of the notice of appeal was a defect or informality. It was a total failure to comply with a jurisdictional requirement of the statute. There is a wide difference between rectifying a defect or informality and the performing of

an act which was not done at all, especially when that act is jurisdictional as is the service of a copy of a notice of appeal.

Appeal dismissed.

STRUTZ, ERICKSTAD, KNUDSON and MURRAY, JJ., concur.