**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Robert MATHISEN, Defendant and Appellant.**

**Cr. No. 354.**

Supreme Court of North Dakota.

March 30, 1967.

Dale R. Jensen, State's Atty., Bismarck, for plaintiff and respondent.

Thomas F. Kelsch, Bismarck, for defendant and appellant.

PAULSON, Judge.

The defendant was tried on a charge of forgery during the May 1966 term of the Burleigh County District Court. The jury convicted him of said charge and returned its verdict on May 13, 1966. The court pronounced judgment on May 26, 1966. The defendant through his attorneys, on August

25, 1966, served on the State and filed with the clerk of the District Court of Burleigh County, a notice of motion, motion for leave to appeal in forma pauperis from the jury's verdict and final judgment of conviction, and a supporting affidavit. There was also served and filed on the same date a notice of motion for new trial and a motion for a new trial. The district court granted the defendant leave to appeal in forma pauperis on August 30, 1966, and denied his motion for a new trial on September 8, 1966. The defendant then moved for leave to appeal in forma pauperis from the order denying motion for new trial and the court granted this motion by an order dated October 17, 1966. The defendant at no time has ever served and filed a notice of appeal from the verdict or judgment nor has he served and filed a notice of appeal from the order denying the motion for a new trial. We are confronted with a motion by the State to dismiss the appeal on the grounds that this court does not have jurisdiction because no notices of appeal were ever served upon the State, nor were the originals of any such notices of appeal ever filed with the clerk of the district court as required by Section 29–28–09, North Dakota Century Code.

Although the defendant concedes that no notices of appeal were served and filed, he contends that there was a timely serving and filing of a notice of motion, motion for appeal in forma pauperis from the verdict or judgment, as well as from the order denying a new trial, which substantially complied with and satisfied the notice of appeal requirements set forth in Section 29–28–09, North Dakota Century Code. The defendant further urges that since there was a serving and filing of the notices and motions in forma pauperis, as previously mentioned herein, such serving and filing have conferred jurisdiction upon this court and, accordingly, Sections 29–28–20 and 29–28–21, North Dakota Century Code, are applicable in that the same should be liberally construed as to any "ir-

regularity" and "informality" with reference to said motions.

The issue before us is whether the notices of motion and motions for leave to appeal in forma pauperis are sufficient to meet the requirements of Section 29–28–09, North Dakota Century Code, in the absence of the serving of a formal notice of appeal upon the adverse party and the filing of the original notice of appeal with the clerk of the district court as set forth by this section.

The controlling statutes are as follows:

"29–28–09. Manner of taking appeal— Notice.—An appeal is taken by serving upon the adverse party, or the attorney for the adverse party who acted as an attorney of record in the district court at the trial or at the time the order was made or judgment rendered, a copy of the notice of appeal and by filing the original thereof with the clerk of the district court of the county in which the order or judgment appealed from is made, entered, or filed.

"29–28–20. Irregularity in substantial particulars—Notice.—If the appeal is irregular in any substantial particular, but not otherwise, the supreme court, on any day, on motion of the respondent, upon five days' notice accompanied with the copies of the papers upon which the motion is founded, may order it to be dismissed. The dismissal of an appeal affirms the verdict or judgment. If the irregularities complained of are corrected in a reasonable time, the appeal shall not be dismissed and the supreme court must fix the time and direct the manner of correcting the irregularity.

"29–28–21. An appeal must not be dismissed for informality.—An appeal must not be dismissed for any informality or defect in the taking thereof. If the same is corrected within a reasonable time after an appeal has been dismissed, another appeal may be taken. If an undertaking

has been given which is defective in any respect, a new one may be filed on appeal in the supreme court."

North Dakota Century Code.

■ It is necessary to first determine the purpose of a motion to appeal in forma pauperis. The purpose of a formal notice of appeal is an entirely distinct and separate proceeding from the serving and filing of a notice for leave to appeal in forma pauperis, because an appeal in forma pauperis is merely a privilege given an indigent individual to prosecute an appeal, otherwise and independently allowable, without payment of fees and costs incident to such prosecution. Millslagle v. Olson, 8th Cir., 130 F.2d 212; Black's Law Dictionary (4th ed. 1951), p. 125.

■ A perusal of the defendant's notice to the State of his motion for leave to appeal in forma pauperis from the judgment of conviction and of a similar notice addressed to the State for leave to appeal in forma pauperis from the order denying him a new trial serves to explain the purpose of these notices. The pertinent parts of these two notices read as follows:

### "NOTICE OF MOTION

"YOU WILL PLEASE TAKE NOTICE that the attached motion for an order for leave to appeal in the forma pauperis will be heard by the Court on the 29th day of August, 1966, at 1:30 o'clock in the afternoon, Central Standard Time, or as soon thereafter as counsel can be heard, in the chambers of the District Court, Burleigh County Courthouse, Bismarck, North Dakota.

### "NOTICE OF MOTION

"YOU WILL PLEASE TAKE NOTICE that the attached Motion for an Order for Leave to Appeal from the Order Denying Motion for a New Trial in the forma pauperis, will be heard by the Court on the 13th day of October, 1966, at 10:00 o'clock in the forenone [sic],

Central Standard Time, or as soon thereafter as counsel can be heard, in the Chambers of the District Court, Burleigh County Courthouse, Bismarck, North Dakota[.]"

These two notices can not be considered as formal notices of appeal to the State or to the clerk of court as prescribed by Section 29–28–09, North Dakota Century Code. The record shows that there was no pleading entitled "Notice of Appeal" served and filed, plus the fact that there was no pleading which meets the basic requirements of the statute which would place the clerk of the district court and the adverse party on notice that appeals had in fact been taken. The only notices which were served on the State and filed with the clerk of the court in this case were to the effect that hearings were to be held to determine whether the state would pay the costs of an appeal if the defendant decided to appeal the particular case in which he was interested. The defendant's notices and motions for leave to appeal in forma pauperis are at most indicative of an intent to appeal. A written notice of an intention to appeal is insufficient to confer appellate jurisdiction on this court where a statute requires that a notice of appeal shall be served on the adverse party and filed with the clerk. State ex rel. Treat v. District Court of Ravalli County, 124 Mont. 234, 221 P.2d 436; 24A C.J.S. Criminal Law § 1711(4), p. 63.

■ The defendant's contentions as to compliance with the above-mentioned statutes are not applicable in view of the recent holding of this court that there must be a strict compliance with the statutes to confer jurisdiction. State v. Higgins, N.D., 145 N.W.2d 478. Since we have not acquired jurisdiction in this case we are unable to apply Sections 29–28–20 and 29–28–21 to liberally construe the defendant's notices to appeal in forma pauperis as meeting the prescribed statutory requirements, because the irregularities and informality referred to in these two statutes do not pertain to jurisdictional requisites and are

not applicable where a failure to act is jurisdictional, as in the case at bar, where a formal notice of appeal was neither served nor filed. State v. Higgins, supra.

For the reasons herein stated the defendant's appeal is dismissed.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.