STATE OF MINNESOTA *vs.* DANIEL SEXTON.

December 6, 1889.

**Violation of City Ordinance—Appeal from Sentence—Service of Notice.**—Prosecutions for the violation of municipal ordinances of the city of Minneapolis, although in the name of the state, are for offences against the city, and not against the state; and notices of appeal to the supreme court should be served on the city attorney, and not on the attorney general.

Motion to dismiss defendant's appeal from a judgment of the municipal court of Minneapolis, imposing a fine of $15, or, in default of payment, 20 days' imprisonment in the city workhouse, for disorderly conduct.

*Thomas Canty,* for appellant.

*Moses E. Clapp,* Attorney General, for the State.

MITCHELL, J.[1]  This appeal was attempted to be taken from a judgment of the municipal court of Minneapolis, convicting the defendant of the violation of a city ordinance.  A motion was made to dismiss the appeal, on the ground that no notice of appeal was served on the city attorney.  It appears that the notice was served on the attorney general of the state.  Although, according to the city charter, all prosecutions for the violation of municipal ordinances are in the name of the state, yet the city, and not the state, is the real party in interest; the offence being against the city, and not against the state.  The only provisions of statute which we find bearing upon the question of practice here involved are Gen. St. 1878, *c.* 6, § 46, that the attorney general "shall appear for the state on the trial and argument of all causes in the supreme court wherein the

---

[1] Collins, J., was absent and took no part in this case.

state is directly interested;" and Id. *c.* 117, § 2, that in criminal cases "notice of the appeal * * * shall be * * * served on the attorney general." In view of the fact that the state, as such, has no interest in prosecutions for the violation of city ordinances, it could not have been intended that the attorney general should be required to try or argue them; indeed, there is no statute requiring him to do so. There is no reason why the city, which is the real party in interest, should not attend to such cases in the supreme as well as in the municipal court. Therefore the provision requiring notice of appeal in criminal cases to be served on the attorney general must be construed as applying only to cases involving a crime or offence against the peace and dignity of the state under a statute of the state. We are therefore of opinion that in prosecutions for the violation of municipal ordinances, although formally in the name of the state, the notice of appeal should be served on the city attorney, and not on the attorney general. For this reason the appeal must be dismissed. We regret the result in this case, for the reason that the record shows that there was neither any complaint against the defendant nor a particle of evidence to warrant his conviction.

Appeal dismissed.