CITY OF RED WING v. JACOB J. NIBBE.[1]

July 25, 1924.

No. 24,095.

**City charter may deny right of appeal from conviction for violation of ordinance.**

The provision of the general laws that any person convicted of a criminal offense before a justice may appeal, does not apply to convictions for violating a city ordinance where the charter expressly provides that no appeal shall be allowed.

[1]Reported in 199 N. W. 918.

From a judgment of the justice of the peace of the city of Red Wing convicting him of a violation of a city ordinance, defendant appealed to the district court for Goodhue county. The appeal was heard by Johnson, J., who granted respondent's motion to dismiss the appeal. From the order of dismissal, defendant appealed. Affirmed.

*F. M. Wilson,* for appellant.

*Charles P. Hall,* City Attorney, for respondent.

TAYLOR, C.

Defendant was convicted, before a justice of the peace of the city of Red Wing, of the violation of an ordinance of that city, and sentenced to pay a fine of $50 and costs or be committed to the county jail for a period of 15 days unless the fine was sooner paid. He attempted to appeal to the district court. The city charter expressly provides that no appeal shall be allowed in such cases and the district court dismissed the appeal. Whether this ruling was correct is the only question presented to this court. We answer it in the affirmative.

Defendant contends that section 7638, G. S. 1913, which provides that "any person convicted of a criminal offense by a justice may appeal to the district court," gives him the right to appeal notwithstanding the provision to the contrary in the city charter. This section relates to prosecutions under the general laws for crimes against the state. It has long been settled that the violation of a city ordinance is not a criminal offense against the state, but only against the municipality enacting the ordinance, and that the provisions for enforcing such ordinances and for prosecuting violations thereof need not conform to the provisions for prosecuting violations of the state laws. State v. Lee, 29 Minn. 445, 13 N. W. 913; City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. Sexton, 42 Minn. 154, 43 N. W. 845; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Robitshek, 60 Minn. 123, 61 N. W. 1023, 33 L. R. A. 33; State v. Grimes, 83 Minn. 460, 86 N. W. 449; State v. Marciniak, 97 Minn. 355, 105 N. W. 965; City of Madison v. Martin, 109 Minn. 292, 123 N. W. 809; State v. McDonald, 121

Minn. 207, 141 N. W. 110; City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777, Ann. Cas. 1916E, 845; State v. Broms, 139 Minn. 402, 166 N. W. 771; City of Virginia v. Erickson, 141 Minn. 21, 168 N. W. 821; State v. Nelson, 157 Minn. 505, 196 N. W. 279.

If a city should exceed the power granted it, or should impose penalties which place the offense beyond the jurisdiction of a justice of the peace, other questions would be presented not involved here.

The right to appeal is purely statutory, and it was within the province of the legislative power that enacted the Red Wing charter to withhold that right from those convicted under its ordinances. Whether the charter could abrogate the right to review such proceedings by certiorari presents a different question not involved in this case.

Order affirmed.