## STATE v. MAX J. NEWMAN.[1]

March 21, 1933.

Nos. 29,349, 29,423.

*Samuel P. Halpern,* for appellant.

*Harry H. Peterson,* Attorney General, *Ed J. Goff,* County Attorney, and *Arthur Markve,* Assistant County Attorney, for the state.

PER CURIAM.

June 23, 1932, the defendant pleaded guilty to the charge of perjury and was on that day sentenced to the state prison at Stillwater. Judgment was entered according to the sentence on the same day and execution thereof stayed for two years under a probation arrangement. July 19, 1932, the probation was revoked by vacating the stay. July 29, 1932, the defendant filed a motion for an order setting aside the judgment and permitting him to withdraw his plea of guilty and to enter a plea of not guilty. September

[1]Reported in 247 N. W. 576.

13, 1932, two new motions were filed to the same effect. These motions were argued and on the 29th of September, 1932, were denied. On that day the defendant attempted to appeal to this court from the judgment entered June 23, 1932, but failed to serve the notice upon the attorney general as required by G. S. 1923 (2 Mason, 1927) § 10748. December 19, 1932, the defendant attempted to appeal to this court from the order denying his motion to set aside the judgment and permit him to enter a plea of not guilty. Notice of this appeal was not served upon the attorney general until January 10, 1933, when notice of the appeal from the judgment was also served.

In criminal cases the statute permits an appeal to this court in two cases only: (1) From judgments; (2) from orders denying motions for a new trial. The time to appeal from the judgment in this case expired before the notice of appeal was served upon the attorney general, and therefore that appeal must be dismissed. State v. Besse, 160 Minn. 533, 200 N. W. 356.

We do not regard the motion to set aside the judgment and to permit the defendant to enter a plea of not guilty as a motion for a new trial. The appeal from the order denying defendant's motion is also dismissed. It must also be dismissed on the ground that the time to appeal from the judgment had expired when the notice of appeal was served on the attorney general. State v. Lund, 174 Minn. 194, 218 N. W. 887.

Appeals dismissed.