STATE EX REL. WILBER E. FARRINGTON v.
DOUGLAS C. RIGG.

78 N. W. (2d) 721.

July 13, 1956—No. 36,970.

*Wilber E. Farrington,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

NELSON, JUSTICE.

Relator appeals from an order of the District Court of Washington County denying his application for a writ of habeas corpus.

The State of Minnesota moves for a dismissal of the appeal upon the ground that the notice of appeal was not served upon the attorney general or, in the manner required by statute, upon the adverse party.

The notice of motion to dismiss the appeal was duly served by the attorney general on appellant and filed in the office of the clerk of the Supreme Court. As the record now stands, we can only conclude that the defendant concedes that such service was not made and that the appeal must be dismissed for want of jurisdiction.

In habeas corpus cases any party aggrieved by the final order in proceedings upon a writ of habeas corpus may appeal therefrom to the Supreme Court in the same manner as other appeals are taken from the district court, except that no bond shall be required of the appellant. M. S. A. 589.29. In order to remove this case from the District Court of Washington County to the Supreme Court on appeal, procedural steps must be taken as are taken in civil actions, except for the bond, and compliance with §§ 589.29, 605.03, and 632.02 must be shown since the right of appeal is purely statutory. It is firmly established in the appellate procedure of this state that the jurisdiction of the Supreme Court may not be enlarged or conferred by the consent or stipulation of the litigants. Every appellant must make jurisdiction appear plainly and affirmatively from the record presented. The requirements for jurisdiction are clear and there is nothing ambiguous in the statute which requires an appellant to serve his notice of appeal upon the adverse party.[1]

Since there is want of jurisdiction, dismissal must follow.

Appeal dismissed.

[1]See, State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212; State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770; 1 Dunnell, Dig. (3 ed.) §§ 283, 286, 318b; State v. Newman, 188 Minn. 461, 247 N. W. 576; Elliott v. Retail Hdwe. Mutual Fire Ins. Co. 181 Minn. 573, 233 N. W. 316; State v. Besse, 160 Minn. 533, 200 N. W. 356; State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603; Thwing v. McDonald, 139 Minn. 157, 165 N. W. 1065. Whether the relator has pursued his proper remedy is not before us upon the record as presented.