## STATE EX REL. LEONARD A. PETSCHEN v. DOUGLAS C. RIGG.

99 N. W. (2d) 699.

December 4, 1959—No. 37,939.

*Leonard A. Petschen,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Henry H. Feikema,* Special Assistant Attorney General, for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from an order of the District Court of Washington County discharging a writ of habeas corpus and remanding relator to the custody of the warden of the Minnesota State Prison. Respondent moves for a dismissal of the appeal for failure of relator to comply with M. S. A. 605.08.

The appeal states that it is taken from an order of the court entered on August 21, 1959, vacating the writ of habeas corpus granted on June 11. There is no order of the court entered on August 21 and it is clear that relator intended to appeal from the order of the court dated July 20, 1959, which order was filed with the clerk of the District Court of Washington County on July 22. Since this clearly appears from the wording of the notice of appeal we will, in this instance, so treat the appeal.

Section 589.29 provides that any aggrieved party may appeal to this court from a final order in habeas corpus proceedings in the same manner as other appeals are taken from the district court but that no bond shall be required of the appellant. Section 605.08, which is applicable here, provides: "An appeal * * * may be taken * * * from an order within 30 days after written notice of the same from the adverse party."

On July 28, 1959, a copy of the order dated July 20, pursuant to § 605.08, was served by the attorney for respondent upon the relator by mail. This gave the relator up to and including August 31 to take his appeal to this court.[1] The appeal, however, was not taken until September 10, several days after the time for appeal had expired. What we said in State ex rel. Farrington v. Rigg, 248 Minn. 49, 50, 78 N. W. (2d) 721, applies with equal force here:

"* * * It is firmly established in the appellate procedure of this state that the jurisdiction of the Supreme Court may not be enlarged or conferred by the consent or stipulation of the litigants. Every appellant must make jurisdiction appear plainly and affirmatively from the record presented."

---

[1] Rule 6.05, Rules of Civil Procedure; In re Estate of Iofredo, 241 Minn. 335, 338, 63 N. W. (2d) 19, 21.

Since it clearly appears that the appeal in the instant case was taken after the time to appeal from the order had expired, we have no choice but to grant respondent's motion to dismiss the appeal for want of jurisdiction.

We assume that relator, who appears here in his own behalf, has failed to perfect his appeal on time because of his lack of knowledge of court procedure. It therefore seems proper to say that we have carefully examined the files, records, and proceedings before us and are satisfied that if the appeal were before us on the merits we would be compelled to affirm the trial court in discharging the writ and remanding relator to the custody of the warden for the reasons set forth in the court's memorandum attached to its order of July 20.

Appeal dismissed.