## STATE v. THOMAS LYLE COLLINS.

109 N. W. (2d) 327.

May 12, 1961—No. 38,233.

*Thomas Lyle Collins,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

NELSON, JUSTICE.

Defendant was convicted of grand larceny in the second degree and judgment of conviction was entered April 22, 1960. He made a motion for a new trial, which the trial court denied in its order dated August 25, 1960. Notice of appeal from the judgment was served upon the clerk of the District Court of Clay County on September 12, 1960. The appellant failed to serve his notice of appeal on the attorney general, as required by Minn. St. 632.02, and for that reason the attorney general now moves this court to dismiss the appeal.

In his brief filed in opposition to the attorney general's motion, defendant admits that he failed to serve his notice of appeal upon the attorney general. Section 632.02 reads in part:

"* * * Notice of the appeal and the order staying proceedings, if any, shall be filed with the clerk of the court where the judgment is entered, *and served on the attorney general.*" (Italics supplied.)

In State v. Newman, 188 Minn. 461, 462, 247 N. W. 576, this court dismissed an attempted appeal from a judgment of conviction stating:

"* * * The time to appeal from the judgment in this case expired before the notice of appeal was served upon the attorney general and therefore that appeal must be dismissed."[1]

In State ex rel. Farrington v. Rigg, 248 Minn. 49, 50, 78 N. W. (2d) 721, upon relator's appeal from denial of his application for a writ of habeas corpus, the state moved for a dismissal of the appeal upon the ground that the notice of appeal was not served upon the attorney general or, in the manner required by statute, upon the adverse party. Notice of this motion was duly served by the attorney general on the appellant and filed in the office of the clerk of the supreme court. This court said:

"* * * As the record now stands, we can only conclude that the defendant concedes that such service was not made and that the appeal must be dismissed for want of jurisdiction."

We made it clear in the Farrington case that on appeal in habeas corpus proceedings the same procedural steps must be taken as in other civil actions, except that no bond is required of appellant, and compliance with §§ 589.29, 605.03, and 632.02 must be shown since the right of appeal is purely statutory. This court also went on to say (248 Minn. 50, 78 N. W. [2d] 721):

"* * * It is firmly established in the appellate procedure of this state that the jurisdiction of the Supreme Court may not be enlarged or conferred by the consent or stipulation of the litigants. Every appellant must make jurisdiction appear plainly and affirmatively from the record presented. The requirements for jurisdiction are clear and there is nothing ambiguous in the statute which requires an appellant to serve his notice of appeal upon the adverse party."

In State v. Besse, 160 Minn. 533, 200 N. W. 356, the appeal was dismissed because the notice of appeal was not served upon the attorney general, and in State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212, the appeal was dismissed for want of jurisdiction because the appeal was not served on the county attorney or the attorney general.

---

[1]State v. Besse, 160 Minn. 533, 200 N. W. 356.

A review of these decisions makes it clear that this appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.