## STATE v. WARREN HENRY ALM.

116 N. W. (2d) 656.

July 20, 1962—No. 38,623.

*Warren Henry Alm,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

THOMAS GALLAGHER, JUSTICE.

The present proceeding purports to be an appeal from an order of the District Court of Polk County denying the petition of Warren Henry Alm, appellant herein, for a writ of error coram nobis. The writ is sought on the theory that Alm was returned to Minnesota in violation of his constitutional right to be formally extradited from Kansas where he had been imprisoned in Leavenworth Penitentiary for violation of the National Motor Vehicle Theft Act (Dyer Act).

On April 30, 1948, Alm was sentenced by the District Court of Kandiyohi County to the Minnesota State Reformatory at St. Cloud for a term of 1 to 10 years for grand larceny. While serving such sentence, he escaped from a work farm maintained by the prison authorities in Polk County on October 26, 1952. On October 21, 1954, he was arrested in Cairo, Illinois, and at that time waived extradition proceedings for his return to Minnesota to face a charge of escape and to serve the remainder of his sentence for grand larceny. Before his return to Minnesota was effected, he was taken into custody by the Federal authorities and was thereafter sentenced to Leavenworth upon his conviction in Federal court for his violation of the National Motor Vehicle Theft Act as above described.

Upon his discharge from Leavenworth and return to Minnesota, Alm was tried on the escape charge in the District Court of Polk County and there convicted and sentenced to State Prison. A stay of sentence was granted, and he was placed on probation to commence with the expiration of his sentence for grand larceny. On February 7, 1958, he was discharged from his original sentence and his period of probation commenced. In June 1958 his probation was revoked and he was committed to State Prison at Stillwater on the escape sentence. On September 7, 1961, the present proceedings were instituted and on November 13, 1961, upon filing of his notice of appeal from the order above described in the District Court of Polk County, that court made its order waiving fees ordinarily required in such cases.

No copy of the notice of appeal was served upon the attorney general of the State of Minnesota pursuant to Minn. St. 632.02.[1] On January 15, 1962, Alm was officially discharged from State Prison by the Adult Corrections Commission of the state and since such date has not been in custody.

On April 6, 1962, the state moved to dismiss the "attempted appeal" on the ground that no notice of appeal was served upon the attorney general as required by § 632.02; and on the further ground that the sentence imposed for the crime, for which the appellant was convicted, was imprisonment in the State Prison until he should be discharged therefrom, and that he has been thus discharged so that the issues raised on the appeal in any event are moot.

It is clear that under § 632.02 the failure of appellant to serve his notice of appeal upon the attorney general, as required therein, will prevent this court from acquiring jurisdiction in these proceedings. As stated in State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212, involving appellant here:

---

[1] § 632.02 provides: "When an appeal is taken, it shall not stay the execution of the judgment, unless an order to that effect shall be made by the trial judge or a judge of the supreme court. Notice of the appeal and the order staying proceedings, if any, shall be filed with the clerk of the court where the judgment is entered, and served on the attorney general."

"* * * The motion [to dismiss the appeal] is made upon the ground that the notice of appeal was not served either upon the county attorney or the attorney general. Defendant concedes that such service was not made. The appeal must be dismissed for want of jurisdiction."

See, also, State v. Besse, 160 Minn. 533, 200 N. W. 356; State v. Newman, 188 Minn. 461, 247 N. W. 576; State ex rel. Farrington v. Rigg, 248 Minn. 49, 78 N. W. (2d) 721; State v. Collins, 260 Minn. 171, 109 N. W. (2d) 327; State ex rel. Cole v. Tahash, 263 Minn.—, 116 N. W. (2d) 266.

Based on such authorities, the motion to dismiss the appeal herein is granted.

Appeal dismissed.