## STATE v. ROGER JOHN ETTESVOLD.

117 N. W. (2d) 1.

August 17, 1962,—No. 38,574.

*James G. Paulos,* for appellant.

*Robert J. Swords,* Corporation Counsel, and *Robert E. Faricy* and *Daniel A. Klas,* Assistant Corporation Counsel, for respondent.

PER CURIAM.

The State of Minnesota has made a motion to dismiss these proceedings on the ground defendant, Roger John Ettesvold, has failed to serve his notice of appeal on the attorney general.

On September 11, 1961, appellant was tried and convicted in the municipal court of the city of St. Paul on two statutory traffic charges, one for careless driving in violation of Minn. St. 169.13, subd. 3; and the other for leaving the scene of an accident in violation of § 169.09, subd. 1. The trials were conducted by the city prosecutor who was served with notice of appeal on September 14, 1961.

Under § 632.01, governing district court procedures, *criminal* cases may be removed to the supreme court by appeal or writ of error at any time within 6 months after judgment. Section 632.02 requires notice of appeal to be served on the attorney general.

Traffic charges under §§ 169.09 and 169.13 are clearly misdemeanors constituting violations of the criminal law of the state within the meaning of § 488A.18, subds. 7(1) and 12, of the St. Paul Municipal Court Act. That statute provides that appeals shall be taken from the municipal court of the city of St. Paul to the supreme court in the same manner, upon like proceedings and with like effect as from district court. That service on the attorney general is jurisdictional in appeals from district court is not open to question. State v. Collins, 260 Minn. 171, 109 N. W. (2d) 327. However, appellant asserts that there has been compliance with § 632.02 by serving the attorney who prosecuted the proceedings on behalf of the state in the municipal court. We do not agree. While the opinions do not so indicate, two reported Minnesota decisions have dismissed criminal appeals for failure to serve the attorney general within the statutory period, notwithstanding timely service on the county attorney who represented the state in the trial court. State v. Newman, 188 Minn. 461, 247 N. W. 576; State v. Besse, 160 Minn. 533, 200 N. W. 356.

What the rule may be with respect to appeals from ordinance violations we do not now intimate. § 488A.18, subd. 12; State v. Sexton, 42 Minn. 154, 43 N. W. 845; Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918.

We deem the statutory direction jurisdictional and the appeal must therefore be dismissed.