# IN RE CONDEMNATION BY OAK CENTER CREAMERY COMPANY v. ELWOOD B. GROBE AND ANOTHER.

119 N. W. (2d) 729.

January 18, 1963—No. 38,837.

*Willis E. Donley* and *Harry H. Peterson,* for appellants.
*Daniel F. Foley,* for respondent.

NELSON, JUSTICE.

Appeal from a judgment entered in the District Court of Wabasha County granting Oak Center Creamery Company an easement against appellants' land in a condemnation proceeding prescribed by Minn. St. 308.39.[1]

Appellants heretofore obtained certiorari to review the order granting the petition for condemnation of part of their land for construction and maintenance of a sewer drain. Grobe v. Oak Center Cream-

---

[1] § 308.39 gives creamery associations the right, power, and authority to acquire easements for sewers and sites for filtration plants, such power to be exercised pursuant to Minn. St. c. 117.

ery Co. 262 Minn. 60, 113 N. W. (2d) 458. In that proceeding they attempted to challenge the constitutionality of § 308.39, but we declined to pass upon that question in the absence of a settled case. This appeal also constitutes a direct attack upon the constitutionality of § 308.39, appellants contending that the taking here constitutes the taking of private property for private purposes and violates Minn. Const. art. 1, § 13, and that it constitutes a denial to them of due process of law in violation of U. S. Const. Amend. XIV, § 1.

Appraisers duly appointed by the district court in this proceeding awarded appellants damages in the amount of $1,000. They did not appeal from the award, payment of which has been made to them by deposit with the clerk of the district court, nor did they move for a new trial or amended findings following the granting of the petition for condemnation.

Rule 24.04, Rules of Civil Procedure, provides:

"When the constitutionality of an act of the legislature is drawn in question in any action to which the state or an officer, agency or employe of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such time as to afford him an opportunity to intervene."

1 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comments to Rule 24.04, p. 686, states:

"The purpose of the notice to the attorney general is to inform him of any attack upon the constitutionality of a statute that may be made in an action to which the state or an agency of the state is not a party, in order that he may seek intervention to defend the statute, especially when he considers the representation in support of the statute is inadequate or when there may be collusion between the original parties."

Appellants concede that notice has never been given as required by the foregoing rule.

Minn. St. 632.02, relating to criminal appeals, appears to have the same purpose and effect as Rule 24.04. That statute provides:

"* * * Notice of the appeal * * * shall be filed with the clerk of

court where the judgment is entered, *and served on the attorney general.*" (Italics supplied.)

Service of notice of appeal on the attorney general under the statute has been held to be jurisdictional. In State v. Besse, 160 Minn. 533, 200 N. W. 356, defendant was charged with having contributed to the delinquency of a minor child, tried, and found guilty. Her motion for a new trial was denied and upon appeal this court in a per curiam opinion dismissed the appeal for want of jurisdiction because the notice of appeal was not served upon the attorney general. In the recent case of State v. Ettesvold, 263 Minn. 411, 117 N. W. (2d) 1, defendant, appealing from convictions of statutory traffic violations, failed to serve his notice of appeal on the attorney general. We stated that we deemed the statutory direction jurisdictional and therefore dismissed the appeal.

In State ex rel. Farrington v. Rigg, 248 Minn. 49, 50, 78 N. W. (2d) 721, this court said:

"* * * It is firmly established in the appellate procedure of this state that the jurisdiction of the Supreme Court may not be enlarged or conferred by the consent or stipulation of the litigants. Every appellant must make jurisdiction appear plainly and affirmatively from the record presented. * * *

"Since there is want of jurisdiction, dismissal must follow."

In Elliott v. Retail Hdwe. Mutual Fire Ins. Co. 181 Minn. 573, 233 N. W. 316, this court held that jurisdiction on appeal cannot be conferred by consent of counsel or litigants, stating: "The duty is on appellant to make jurisdiction appear plainly and affirmatively from the printed record." And in Seiz v. Citizens Pure Ice Co. 207 Minn. 277, 290 N. W. 802, this court held in a declaratory judgment action: "A proceeding for a declaratory judgment must be based on a justiciable controversy for lack of which the appellate court will reverse for want of jurisdiction of the subject matter, *although the point has nowhere been raised.*" (Italics supplied.)

While conceding that they did not serve notice of appeal on the attorney general, appellants contend that condemnation actions are

"special proceedings" to which the Rules of Civil Procedure do not apply by reason of Rule 81.01 and Appendix A. Rule 81.01 states:

"These rules do not govern pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules."

We do not find any such inconsistencies or conflicts.

Recently we held in State, by Lord, v. Pearson, 260 Minn. 477, 489, 110 N. W. (2d) 206, 215:

"After the filing of an appeal from the viewers' report in district court in an eminent domain proceeding it becomes a judicial proceeding and the Rules of Civil Procedure thereafter apply."

We hold, therefore, that while the eminent domain proceeding in this case may have had the aspect of "special proceedings" at the outset, nevertheless, even though no appeal was taken from the viewers' award, the appeal from the judgment entered pursuant thereto became adversary and judicial in nature, making the Rules of Civil Procedure applicable. Therefore, since the appeal directly challenges the constitutionality of Minn. St. 308.39 and notice of the appeal was not served upon the attorney general, the appeal must be dismissed for want of jurisdiction.

Appeal dismissed.

MR. JUSTICE SHERAN, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.