STATE EX REL. ELWOOD B. GROBE AND ANOTHER v.
OAK CENTER CREAMERY COMPANY.

131 N. W. (2d) 621.

November 25, 1964—No. 39,527.

*Willis E. Donley* and *Harry H. Peterson,* for relators.
*Daniel F. Foley,* for respondent.

THOMAS GALLAGHER, JUSTICE.

These proceedings were instituted here by writ of certiorari to review an order of the District Court of Wabasha County dated March 12, 1964, wherein it denied relators' motion to vacate the judgment

in a condemnation proceeding entered on February 23, 1962. The motion was based upon relators' contention that this court's decision in In re Condemnation by Oak Center Creamery Co. v. Grobe, 264 Minn. 435, 119 N. W. (2d) 729, constituted a determination that the district court lacked jurisdiction in the condemnation proceedings and hence the judgment was null and void.

The original condemnation proceedings were instituted by Oak Center Creamery Company pursuant to Minn. St. 308.39.[1] Therein it sought to condemn an easement in certain lands belonging to relators for use in the construction and operation of a sewer drain for disposal of waste flowage from its structures. Relators appeared in those proceedings and orally challenged the constitutionality of § 308.39. On August 29, 1960, after the district court hearing, the court granted the petition for condemnation and duly appointed commissioners to determine relators' damages. On September 7, 1960, these commissioners filed a report in the district court wherein they found relators' damages for the easement described to be in the sum of $1,000. Notice of the filing of such report was served upon counsel for relators on September 9, 1960, pursuant to § 117.09.[2] On Sep-

---

[1] Minn. St. 308.39 provides: "Any creamery association organized in the state of Minnesota shall have the right, power, and authority to condemn lands under the right of eminent domain for easements for sewers and sites for filtration plants to take care of all sewage and refuse made in the operation of its business, which power and authority shall be exercised under and pursuant to the terms and provisions of chapter 117, and acts supplemental thereto."

[2] Minn. St. 117.09 provides: "The oath subscribed by the commissioners shall be filed with their report and when necessary to the proper understanding of such report it shall be accompanied by a map, showing the route or location of the intended improvement, and the situation of the lands within their county proposed to be taken therefor. The clerk shall attach together with the petition, notice of hearing thereon, proofs of service and publication of the notice, order appointing the commissioners, their oath and report, and all other documents filed in the matter modifying or affecting any of those hereinbefore named. Upon payment by the petitioner of the fees and disbursements of the commissioners, which may be taxed by the court in case of failure to agree upon the amount there-

tember 17, 1960, a cashier's check in the sum of $1,000 was tendered by the corporation to the relators, but such tender was rejected.

On September 27, 1960, relators obtained a writ of certiorari from this court, seeking reversal of the district court order which granted the petition for condemnation and appointed commissioners therein on the ground that § 308.39 was unconstitutional. On February 9, 1962, this writ was discharged and the appeal dismissed on the ground that this court could not pass upon the question of constitutionality of the statute in the absence of a settled case or transcript of the district court proceedings. Grobe v. Oak Center Creamery Co. 262 Minn. 60, 113 N. W. (2d) 458.

Thereafter, pursuant to § 117.10[3] the corporation deposited with the clerk of the District Court of Wabasha County the sum of $1,000, with interest thereon from September 7, 1960, to the date of deposit, for relators.

On February 23, 1962, judgment was entered in the District Court of Wabasha County wherein it was determined that the corporation "has acquired and is awarded and granted an easement over, under, across, and through" the lands of relators described therein. Within 6

---

of, they shall sign and deliver to the petitioner a notice that the report has been filed, which notice the petitioner shall cause to be served and published as provided in section 117.05; but if any party shall have appeared in the proceeding by attorney, the notice may be served upon the attorney so appearing."

[3]Minn. St. 117.10 provides: "Payment of the damages awarded may be made or tendered at any time after the notice mentioned in section 117.09 is delivered, and acceptance of such payment shall be taken as a waiver of all objections to the award and to the proceedings leading thereto on the part of the payee and of all persons for whom he is lawfully empowered to act. In case any party to whom an award of damages is made be not a resident of the state, or his place of residence be unknown, or he be an infant or other person under legal disability, or, being legally capable, refuses to accept payment, or if for any reason it be doubtful to whom any award should be paid, the petitioner may pay the same to the clerk, to be paid out under the direction of the court; and, unless an appeal be taken, as hereinafter provided, such deposit with the clerk shall be deemed a payment of the award."

months from the entry of such judgment relators appealed to this court, again attacking the constitutionality of § 308.39. On January 18, 1963, this court dismissed this appeal because of relators' failure to notify the attorney general pursuant to Rule 24.04, Rules of Civil Procedure,[4] that the constitutionality of § 308.39 was involved. In re Condemnation by Oak Center Creamery Co. v. Grobe, 264 Minn. 435, 119 N. W. (2d) 729. Approximately 9 months later relators made the motion above described for an order vacating the judgment entered February 23, 1962, on the ground that this court's decision in In re Condemnation by Oak Center Creamery Co. v. Grobe, 264 Minn. 435, 119 N. W. (2d) 729, had the effect of determining that the district court at no time had jurisdiction in the condemnation proceedings because of relators' failure to notify the attorney general that the constitutionality of § 308.39 had been orally challenged in such proceedings. They based this contention upon the language of this court when it stated (264 Minn. 438, 119 N. W. [2d] 731):

"* * * while the eminent domain proceeding in this case may have had the aspect of 'special proceedings' at the outset, nevertheless, even though no appeal was taken from the viewers' award, the appeal from the judgment entered pursuant thereto became adversary and judicial in nature, making the Rules of Civil Procedure applicable. Therefore, since the appeal directly challenges the constitutionality of Minn. St. 308.39 and notice of the appeal was not served upon the attorney general, the appeal must be dismissed for want of jurisdiction."

Respondent has moved to quash the present writ upon the grounds that relators' right to appeal from the judgment having expired, they cannot accomplish by the writ what they are no longer qualified to accomplish by appeal; and in particular that In re Condemnation by

---

[4]Rule 24.04, Rules of Civil Procedure, provides: "When the constitutionality of an act of the legislature is drawn in question in any action to which the state or an officer, agency or employe of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such time as to afford him an opportunity to intervene."

Oak Center Creamery Co. v. Grobe, *supra,* did not determine that the district court was without jurisdiction in the original condemnation proceedings as relators contend.

■ We are of the opinion that the motion to quash the writ and dismiss these proceedings should be granted. Our decision in In re Condemnation by Oak Center Creamery Co. v. Grobe, *supra,* made it clear that in the absence of the notice to the attorney general prescribed by Rule 24.04, Rules of Civil Procedure, the district court lacked jurisdiction to pass upon the constitutionality of § 308.39 in the condemnation proceedings. But that court did not make any determination with respect to this issue, presumably because the absence of notice to the attorney general deprived it of jurisdiction to do so. However, this would not mean that it was without jurisdiction to determine other issues raised in the condemnation proceedings; or to order judgment therein based upon the evidence presented with reference thereto. Relators' failure to notify the attorney general of their attack on § 308.39 simply removed the constitutional issue from the proceedings. It would follow that since the time to appeal from the judgment has expired there is no present jurisdiction in this court to determine the constitutional question presented; that the trial court was correct in denying relators' motion to vacate the judgment in the condemnation proceedings; and that respondent's present motion to quash the writ herein and to dismiss these proceedings must be granted.

■ Although the question is not before us it may be suggested that had the trial court herein determined that § 308.39 was unconstitutional, it is doubtful if such a determination would be valid in the absence of notification to the attorney general that the constitutionality of this statute was in issue. In 16 Am. Jur. (2d) Constitutional Law, § 103, it is stated:

"Judicial power to determine constitutionality of state legislation may be subject to procedural limitations, as where a statute or rule of court requires that, in any action in which the constitutionality of state legislation is drawn in question and to which the state or a state officer, agency, or employee is not a party, the party asserting unconstitutionality notify the attorney general in time to permit him to in-

510

tervene. A statutory requirement that the attorney general be served and given an opportunity to be heard in a declaratory judgment proceeding in which a statute, ordinance, or franchise is alleged to be unconstitutional, has been held jurisdictional."

See, Wheeler v. Bullington, 264 Ala. 264, 87 So. (2d) 27; Cummings v. Shipp, 156 Tenn. 595, 3 S. W. (2d) 1062; Parr v. City of Seattle, 197 Wash. 53, 84 P. (2d) 375. In Court St. Parking Co. v. City of Boston, 336 Mass. 224, 143 N. E. (2d) 683, the Supreme Court of Massachusetts reached the conclusion we have reached here—that while the trial court lacked jurisdiction to pass upon the constitutionality of a statute involved in an injunction proceeding in the absence of notice to the attorney general, this did not impair the trial court's general equitable jurisdiction to determine other issues in the proceedings.

The writ of certiorari is quashed and the proceedings are dismissed.