**REUB'S MINOT CAMERA, INC., Plaintiff and Respondent,**

v.

**GENERAL ELECTRIC CREDIT CORPO-RATION, Defendant, Third-Party Plaintiff and Appellant,**

v.

**Reuben FORSBERG and Fred Forsberg, Third-Party Defendants and Respondents.**

**Civ. No. 8843.**

Supreme Court of North Dakota.

Oct. 31, 1972.

Farhart, Rasmuson & Olson, Minot, for defendant, third-party plaintiff and appellant.

Pringle & Herigstad, Minot, for respondents.

TEIGEN, Judge.

At the outset we are confronted with three motions. The plaintiff, Reub's Minot Camera, Inc., and respondent in this appeal (hereinafter Reub's), has made two mo-

tions for dismissal of the appeal. The first motion is grounded on the failure to serve the notice of appeal. The second motion is grounded on the failure to file specifications of error and the failure to appeal from a post-judgment order denying the defendant's motion in the alternative for a judgment notwithstanding the verdict or a new trial. The appellant, General Electric Credit Corporation, defendant and third-party plaintiff in the action, has moved (1) for leave to file affidavit of service by mailing of the notice of appeal; (2) for leave, under Section 28–27–26, N. D.C.C., to serve and file an amended notice of appeal to include an appeal from the order denying the appellant's motion for judgment notwithstanding the verdict or in the alternative for a new trial; and (3) for leave to serve and file specifications of error and insufficiency of the evidence as required under Section 28–18–09, N.D.C.C.

The respective motions are resisted and affidavits in support of and in resistance to the respective motions have been received.

Reub's, a retail establishment selling photographic equipment, instituted this action against General Electric Credit Corporation (hereinafter General Electric) to recover moneys which it claimed to be due Reub's under a contract whereby General Electric purchased retail installment contracts received by Reub's from its customers on the sale of photographic equipment. General Electric is a finance company dealing primarily in the purchase of retail installment contracts from retailers. After the contracts were in force several years Reub's instituted this action for the recovery of moneys allegedly improperly retained by General Electric, alleging fraud, deceit, threats and intimidations. General Electric impleaded third-party defendants, who are officers of Reub's, under an alleged guaranty of all sums of money due or which may become due General Electric from Reub's. Reub's sought judgment for over $30,000 from General Electric and General Electric sought judgment against the third-party defendants in the amount of approximately $20,000. The case was tried to a jury and it returned a verdict in favor of Reub's in an amount in excess of $25,000 and dismissed the third-party complaint. Judgment was entered on the verdict and thereafter General Electric moved in the alternative for a judgment notwithstanding the verdict or a new trial. These motions were denied by the trial court.

We will first consider the motion to dismiss the appeal for failure to serve the notice of appeal.

The record certified to this court by the clerk of the trial court discloses that a notice of appeal from the judgment entered on February 18, 1972, was filed on April 18, 1972. However, there is no proof of service of the notice of appeal on file. In affidavits filed in support of the motion it is averred that no notice of appeal was served upon Reub's or its attorneys. In resistance to the motion General Electric has filed the affidavits of its attorney and his legal secretary. The secretary's affidavit avers that, according to the practice and procedure regularly followed in the attorney's office, when a notice of appeal is prepared a proof of service by mail, where the opposing party is represented by an attorney, is also prepared with sufficient copies for each opposing counsel and one copy for the office file; that when the notice of appeal is mailed to opposing counsel a copy of the affidavit of service by mailing is attached; that after the motion to dismiss for failure to serve the notice of appeal was served upon the attorney for General Electric she examined the office file and found only the original and one copy of the affidavit of service by mailing remaining in the file and therefore concludes, on the basis of the office practice and procedure, that the notice of appeal, with the affidavit of service by mailing attached, was, in fact, mailed to the attorney for Reub's. She reasoned that if the notice of appeal had not been mailed to opposing counsel the third, or additional, copy of the affidavit of service by mailing would also have been contained in the of-

fice file. Further she avers that she does not have independent recollection relative to specifically mailing the notice of appeal because numerous papers are served on various opposing counsel in this manner. The affidavit of counsel for General Electric avers that he prepared the notice of appeal and caused the same to be served upon counsel for Reub's by mail but inadvertently failed to file the original affidavit of service by mailing with the clerk of the district court at the time the notice of appeal was filed on April 18, 1972, for the reason that the same had not been stapled to the original notice of appeal.

Thus we have two opposing contentions relative to the service of the notice of appeal.

■ We cannot resolve this conflict, particularly in view of the record certified to this court. It is firmly established in the trial procedure of this state that the jurisdiction of the supreme court may not be enlarged or conferred by consent or stipulation of the litigants. Muhlhauser v. Becker, 74 N.D. 35, 20 N.W.2d 363 (1945); Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275 (1944); Northern States Power Co. v. Board of Railroad Com'rs, 68 N.D. 367, 279 N.W. 820 (1938). Every appellant must make jurisdiction appear plainly and affirmatively from the record presented. Copper State Mining Co. v. Wills, 20 Ariz. 174, 178 P. 30 (1919); Brooks v. Engel, 159 N.W.2d 438 (Iowa 1968); State ex rel. Petschen v. Rigg, 257 Minn. 25, 99 N.W.2d 669 (1959); State ex rel. Farrington v. Rigg, 248 Minn. 49, 78 N.W.2d 721 (1956); Elliott v. Retail Hardware Mut. Fire Ins. Co., 181 Minn. 573, 233 N.W. 316 (1930).

■ Appeals from decisions of the district courts to the supreme court are subject to regulations by statute. North Dakota Constitution, Sections 86 and 109. No right of appeal is conferred by the constitution. That right is left to statutory provisions and must be exercised in accordance therewith. State v. Timm, 146 N.W.2d 552 (N.D.1966); State v. Higgins, 145 N.W.2d 478 (N.D.1966); Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513 (1949); Bonde v. Stern, 72 N.D. 476, 8 N.W.2d 457 (1943).

The pertinent statute respecting the taking of an appeal in a civil case is as follows:

"An appeal must be taken by *serving* a notice in writing signed by the appellant or his attorney on the adverse party *and filing* the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same." Section 28–27–05, N.D.C.C. [Emphasis added.]

■ This statute requires two steps for taking a civil appeal: (1) service of the notice of appeal in writing on the adverse party; and (2) filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered. The appeal shall be deemed taken by the service and filing of the notice of the appeal within the time provided by statute. Braun v. Riskedahl, 150 N.W.2d 577 (N.D.1967); Gunsch v. Boehler, 91 N.W.2d 343 (N.D.1958); Krueger v. Hayko, 87 N.W.2d 539 (N.D.1958); Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845 (1952); Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990 (1899).

■ Thus timely service of the notice of appeal is necessary, under the statute, to confer jurisdiction of the subject matter and the parties on the supreme court.

Therefore, in the absence of proof of service of a notice of appeal in the record certified by the clerk of the district court to this court, and in the absence of a motion to remand the record to the district court for the purpose of proving that the notice of appeal was, in fact, timely served, we are constrained to hold that no jurisdiction was conferred upon this court and the appeal must be dismissed.

The conclusion we have reached on the first ground urged for dismissal renders it unnecessary for us to consider the second motion or the motion of the appellant.

The appeal is dismissed.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.